**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. BANK, N.A., Trustee for the Holders of the J.P. Morgan Mortgage Trust 2007-S3, <br><br>       Plaintiff-counter-defendant-Appellant, <br><br>  v. <br><br> SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, <br><br>       Defendant-Appellee, <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br>       Defendant-counter-claimant-cross-claimant-Appellee, <br><br>  v. <br><br> NATIONSTAR MORTGAGE LLC; BANK OF AMERICA, NA, <br><br>       Cross-claim-defendants-Appellants. | No.   19-15918 <br><br> D.C. No. <br> 2:15-cv-01484-KJD-GWF <br><br><br> MEMORANDUM* |

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted February 5, 2021
Submission Withdrawn June 3, 2021
Resubmitted August 2, 2021
San Francisco, California

Before: SILER,** IKUTA, and NGUYEN, Circuit Judges.

U.S. Bank appeals the district court's grant of summary judgment in favor of Southern Highlands Community Association (Southern Highlands) and SFR Investments Pool 1 (SFR). The district court had jurisdiction under 18 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

The sale price of the property at issue in Southern Highlands's foreclosure sale was grossly inadequate as a matter of Nevada law because it was less than three percent of the value of the home. *See Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 60 (2016) (en banc). But in order to establish that the foreclosure sale can be equitably set aside under Nevada law, U.S. Bank also must show that fraud, unfairness, or oppression affected the sale. *See U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through*

---

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*Certificates, Series 2005-F v. White Horse Ests. Homeowners Ass'n* (*White Horse*), 987 F.3d 858, 863 (9th Cir. 2021) (citing *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 748–50 (2017)). We have held that a mortgage protection clause in an association's covenants, conditions, and restrictions, without more, does not constitute fraud, unfairness, or oppression. *See id.* at 864 (citing NRS §§ 116.3116(2), 116.1104), 867. To further support its argument that the sale should be set aside, U.S. Bank also points to Southern Highlands's misrepresentations in a separate foreclosure proceeding. But no Nevada decision directly supports U.S. Bank's argument that the mortgage protection clause and such misrepresentations, taken together, rise to the level of fraud, unfairness, or oppression, and the Nevada Supreme Court has declined to address this issue in a published case. *See U.S. Bank, N.A., Tr. for the Holders of the J.P. Morgan Mortg. Tr. 2007-S3 v. SFR Invs. Pool 1, LLC*, 2021 WL 2646064, at *1 (Nev. June 25, 2021). Accordingly, we conclude that U.S. Bank has failed to raise a genuine issue of material fact that fraud, unfairness, or oppression marred the foreclosure sale such that it can be equitably set aside.

**AFFIRMED.**